IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD LEE DUERRING, SR., Executor of
the Estate of RONALD LEE DUERRING, II,
Deceased,

        Plaintiff,

  v.

SOMERSET COUNTY and TIM MAPES,

        Defendants.

06cv0247
**ELECTRONICALLY FILED**

## MEMORANDUM AND ORDER OF COURT

**August 9, 2007**

      Before the Court is defendants Somerset County and Warden Tim Mapes' motion for summary judgment (doc. no. 26) in their favor on plaintiff's complaint brought pursuant to 42 U.S.C. § 1983, which claims that deliberate indifference on the part of the Somerset County Jail and the Warden led to Ronald Lee Duerring II's suicide while a detainee at that facility, and violated his Eighth and Fourteenth Amendment rights.  After careful consideration of the motion, response, briefs in support and in opposition to summary judgment, and the supporting materials submitted by the parties, the Court finds there are genuine issues of material fact that must be submitted to the jury.

      This Court set out the standards for evaluating a section 1983 claim by the estate of a detainee who committed suicide in the context of a summary judgment motion in *Woloszyn v. County of Lawrence*, Civil Action No. 01-1361 (W.D. Pa.), and granted summary judgment in favor of the County of Lawrence, its Warden, and two Corrections Officers of the Lawrence County Correctional Facility, on the grounds that "Plaintiff has failed to present evidence

sufficient to withstand summary judgment as to identifying specific training measures that could reasonably have been expected to identify Woloszyn as particularly vulnerable to suicide, and has failed to meet her burden of showing deliberate indifference on the part of Lawrence County. " Woloszyn Memorandum Opinion (doc. no. 37 at Civil Action No. 01-1031), at 11.  The United States Court of Appeals for the Third Circuit affirmed the grant of summary judgment for Defendants.  *Woloszyn v. County of Lawrence*, 396 F.3d 314 (3d Cir. 2005).

The standard for liability on a claim of deliberate indifference in this setting, as enunciated by the United States Court of Appeals for the Third Circuit in *Woloszyn*, is as follows:

> A. General Legal Principles.
>
> Woloszyn was a pre-trial detainee when he committed suicide. We first examined liability under § 1983 for such suicides in *Colburn v. Upper Darby Township*, 838 F.2d 663 (3d Cir.1988) (" *Colburn I*" ). There, we held that "if [custodial] officials know or should know of the particular vulnerability to suicide of an inmate, then the Fourteenth Amendment imposes on them an obligation not to act with reckless indifference to that vulnerability." *Id.* at 669. We later elaborated upon that standard in *Colburn v. Upper Darby Township*, 946 F.2d 1017 (3d Cir.1991) (" *Colburn II*" ), where we wrote that
>
>> a plaintiff in a prison suicide case has the burden of establishing three elements: (1) the detainee had a "particular vulnerability to suicide," (2) the custodial officer or officers knew or should have known of that vulnerability, and (3) those officers "acted with reckless indifference" to the detainee's particular vulnerability.
>
> *Colburn II,* 946 F.2d at 1023.

*Woloszyn* 396 F.3d at 319.

In this case, although Defendants proffer a fair amount of evidence that Mr. Duerring acted "normally" around inmates and staff on July 30, 2004, the day of his incarceration and suicide at Somerset County Jail, including his interaction with other inmates and his cell mate,

2

plaintiff has proffered sufficient evidence to support a reasonable jury finding that he did, indeed, have a "particular vulnerability to suicide," that the custodial officer or officers knew or should have known of that vulnerability, and that Defendants "acted with reckless indifference" to his particular vulnerability.

Unlike in *Woloszyn*, the summary judgment record herein shows: Mr. Duerring had previous incarcerations at the Somerset County Jail in March and May, 2004; his admissions forms from those incarcerations were on file at the Jail and indicate that he had been treated for mental illness, had attempted suicide in the past, had recently experienced a significant loss, and had no place to live;  his Admission Data Form completed for his incarceration on July 30, 2004 indicated, in the "Suicide Assessment" portion of the form, that Mr. Duerring had been treated for mental illness, specifically BiPolar type 2, ADHD and anxiety, and was taking anti-psychotic and anti-anxiety drugs, and that he had attempted suicide in the past, considers suicide "all the time" because he was incarcerated, and that he had "lost my mind"; that noone at the Jail recognized any risk factors or took any precautionary measures; and that the staff at the Jail had received little if any training in the recognition of at-risk-for-suicide detainees.

In light of that evidence, this Court cannot say that Mr. Duerring's " normal" appearance and presentation to certain inmates and staff members that night demonstrates, *as a matter of law,* that he was not particularly vulnerable to suicide, that the custodial officer or officers had no reason to know of that vulnerability, or that Defendants' failure to recognize the risk and to take any protective action was not reckless with regard to his particular vulnerability.  Moreover, there is evidence from which a jury could find that Somerset County and the Warden took inadequate steps to train the corrections staff and officers at the Jail in suicide recognition and prevention

until after the tragic events of July 2004, and that such lack of adequate training amounts to deliberate indifference to the constitutional rights of persons with whom the officers and employees of the Jail come in contact. *Colburn II*, citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

Although Defendants have presented a great deal of evidence to support their defense, so does plaintiff, and there remain genuine issues of material fact for the jury to resolve.

Accordingly,

**AND NOW**, this 9th day of August, 2007, for the reasons set forth above, defendants' motion for summary judgment (doc. no. 26) is **DENIED**.

                                                  s/ Arthur J. Schwab
                                                  Arthur J. Schwab
                                                  United States District Judge

cc:    All ECF registered counsel